### STARK v. STARK.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2011.   Decided March 12, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

480. EVIDENCE.
Refusal of court to hear testimony, as to controverted questions of fact, held prejudicial error.

Error to Common Pleas.
Affirmed in part and reversed in part.

Wm. F. and H. H. Miller, Toledo, for plaintiff in error.

Frank A. Carabin, Toledo, for defendant in error.

### FULL TEXT.

LLOYD, J.

By these proceedings in error plaintiff in error seeks to reverse a judgment of the Court of Common Pleas rendered in favor of defendant in error. Plaintiff in error, Homer Stark, and defendant in error, Cora Stark, will be referred to as defendant and plaintiff.

By her petition filed in the Court of Common Pleas the plaintiff sought to obtain a divorce from the defendant and have awarded to her lot No. 358 Englewood Addition to the City of Toledo, title to which is vested in defendant. In her petition she alleged that this lot upon which there is a mortgage of $800.00, cost $1,350.00, and that it was bought with money earned and inherited by her. To this petition defendant filed an answer and cross petition. In his answer he denies all of the facts alleged by plaintiff in her petition except the fact of the place of residence of plaintiff and defendant, their marriage and that they have six children, all of whom but two are minors. In the cross petition he alleges that he purchased the lot in question for $1,350.00 on a land contract, paying therefor from his earnings $100.00 in cash and the balance in monthly installments of $12.00; that it is of the present value of $3,500.00, and has a mortgage thereon of $800.00, which has not been wholly paid. He denies that the plaintiff paid any part of the purchase price of the lot and alleges facts which he claims entitles him to a judgment of divorce against her. He prays therein for a divorce, for the custody of the minor children and that plaintiff may be barred of any right or interest in the lot in question.

The record is silent as to the premises in question except the statements contained in the pleadings, and testimony to the effect that it rented for $30.00 per month and that the mortgage thereon had been reduced to about $500.00. Other, than that plaintiff at the time of the trial was earning $35.00 per week, there

is no evidence in the record as to his financial condition, as to whether he has any other property, indebtedness or income, or whether plaintiff or defendant or both paid for this lot, in Englewood Addition. After plaintiff rested her case witnesses testified in behalf of defendant, their testimony relating solely to the alleged grounds of divorce. The court then declined to hear further evidence. The bill of exceptions records that the trial judge refused to permit Helen Stark, a witness called by defendant, to testify, and refused to permit the defendant to testify in his own behalf "stating that he refused to hear any further testimony and is now ready to decide the case." This action of the court, to which exceptions were taken, is assigned as error prejudicial to the defendant.

The defendant, Homer Stark, was given the custody of the minor children and was granted a divorce from the plaintiff and the judgment of the court in these respects was amply justified by the evidence. He could hardly have done otherwise. The court found also that the "plaintiff Cora Stark has contributed towards the purchase price of the real estate referred to in the proceedings * * * herein * * * and is entitled to alimony * * * from said property in the sum of $1,000.00, payable in installments of $50.00 per month, together with attorney fees in the sum of $50.00 * * * all of which orders and judgments are made a lien upon the real estate refererd to herein."

Certainly the defendant was entitled to testify as to the controverted questions of fact, especially when no other testimony had been given in his behalf with respect thereto, and this court is of the opinion that to not permit him to do so was prejudicial error.

The judgment of the Court of Common Pleas will be affirmed except as to the judgment for alimony and attorney fees, which is reversed.

(Richards and Williams, JJ., concur.)